## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| Joey Wilson, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 2:21-cv-00142 |
| v. | § § | JURY TRIAL DEMANDED |
| Atlas Oil Company | § § | COLLECTIVE AND CLASS ACTION |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Joey Wilson ("Wilson" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Atlas Oil Company ("Atlas" or "Defendant") showing in support as follows:

### I.      NATURE OF ACTION

1.      This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a day rate and/or hourly basis.

2.      Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees who worked as a Frac Driver, Frac Tech, FAS Operator, and/or Single Operator for Defendant on a day rate and/or hourly basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven day workweek for the time period of

three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.      This civil action is also brought as a Rule 23 class action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-20 – 50-4-30 ("NMMWA") for Defendant's failure to pay Plaintiff and similarly situated class members time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on a day rate and/or hourly basis without overtime pay. *See Kerr v. K Allred Oilfield Servs., LLC*, No. 2:20-cv-00477, 2020 WL 5702809, at \*3 (D.N.M. Sept. 24, 2020).

4.      Plaintiff and the Class/Collective Action Members seek all damages available under the FLSA and NMMWA, including back wages, liquidated damages, legal fees, costs, and pre- and post-judgment interest.

## II.      THE PARTIES

### A.      Plaintiff

10.     Plaintiff is an individual residing in Gregg County, Texas. Plaintiff has standing to file this lawsuit.

11.     Plaintiff has worked for Defendant from on or about June 20, 2017 through present. Plaintiff was an hourly-paid employee until Defendant began paying a day rate on or about April 26, 2020.

12.     At all material times, Plaintiff initially earned $23.00 to $29.00 an hour until on or about April 26, 2020.   After on or about April 26, 2020, Plaintiff earned a day rate of approximately $288 per day or hourly wages in the amount of $14.00 without any overtime pay in connection with work for Defendant. Plaintiff also earned a "Supplemental Wage" after Defendant changed Plaintiff's compensation to a day rate.

13.    Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.    Collective Action Members**

14.    The putative Collective Action Members are all current and/or former individuals similarly situated to Plaintiff who: (a) work/worked for Defendant in connection with their frac fueling services; (b) are/were issued IRS Tax Form W-2s; (c) are/were paid on an hourly and/or day rate basis; (d) had/have job duties/titles of a Frac Driver, Frac Tech, FAS Operator, and/or Single Operator; (e) work/worked more than 40 hours in any workweek; (f) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such seven-day workweek by Defendant; and (g) receive/received remuneration designated as a "Supplemental Wage" that Defendant failed to include in their respective regular rates.

15.    Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

16.    The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

17.    Plaintiff can satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure to maintain a class action with respect to the putative Class Action Members' claims.

18.    The relevant time period for the claims of the putative Class Action Members is the date that the alleged violation began to occur and forward.

**C.    Defendant Atlas Oil Company**

19.    Defendant Atlas Oil Company is a foreign corporation organized under the laws of the State of Michigan.

20.     During all times relevant to this lawsuit, Defendant Atlas has done, and continues to do, business in the State of New Mexico.

21.     Defendant Atlas' corporate office is located at 24501 Ecorse Road, Taylor, Michigan 48180.

22.     At all times relevant to this lawsuit, Defendant Atlas is and has been an "enterprise engaged in commerce" as defined by the FLSA.

23.     At all times relevant to this lawsuit, Defendant Atlas employed and continues to employ two or more employees.

24.     Defendant Atlas is/was an employer of Plaintiff and the putative collective/class action members.

25.     At all times relevant to this lawsuit, Defendant Atlas employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, diesel, hoses, drums, equipment, and other supplies/materials used in connection with frac fueling services.

26.     On information and belief, at all times relevant to this lawsuit, Defendant Atlas has had annual gross sales or business volume in excess of $500,000.

27.     Defendant Atlas may be served with summons through its registered agent CT Corporation System, 206 South Coronado Avenue, Espanola, New Mexico 87532-2792.

### III.     JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

29.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

30.     The United States District Court of New Mexico has personal jurisdiction over Defendant because Defendant does business in New Mexico and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in New Mexico and in this District.

31.     Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.     FACTUAL BACKGROUND

32.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33.     Defendant Atlas is an oil field services company that, among other business activities, provides onsite frac equipment services by refueling diesel, monitoring diesel tank levels, and handling logistics.

34.     Plaintiff is a Frac Driver whose job is to refuel onsite frac equipment, including the frac pumps that inject fracking fluid into the rock formation to facilitate the extraction of oil and gas.  Plaintiff performed work for Defendant primarily in New Mexico. He has also performed work for Defendant in Texas and in Louisiana.

35.     At some point in his employment, Plaintiff began driving and operating the Fuel Automation Station ("FAS") tractor-trailer unit to refuel the frac pumps by rigging up/down the

hose reels and running them to the frac pumps. Plaintiff also monitored the diesel tank levels through the FAS unit technology.

36.     Plaintiff's other job duties included driving a small pickup truck to the jobsites at the beginning and end of each job to deliver/retrieve drums, hoses, and other equipment; as well as to shuttle he and his co-workers to and from the jobsites.

37.     At all times relevant, Plaintiff has been a non-exempt employee of Defendant pursuant to the FLSA. Plaintiff was at all times issued an IRS Tax Form W-2 for his work.

38.     From June 2017 to on or about April 26, 2020, Plaintiff was paid hourly at $23.00 to $29.00 an hour, plus a $30.00 per diem. He received overtime premium compensation at a rate of one and one-half times his regular rate of pay for all hours worked over 40 in a seven-day workweek, which was common.

39.     However, in response to the COVID-19 pandemic, Defendant changed Plaintiff's compensation from hourly-paid to a day rate of $288 per day, which included travel time to jobsites. Defendant eliminated Plaintiff's per diem. Defendant provided a form for Plaintiff to sign acknowledging that "[b]eginning on Sunday, April 26, 2020, we are moving to a Daily Rate for Full Shifts for all Frac Team Members."

40.     As of on or about April 26, 2020, Defendant has failed to pay Plaintiff overtime premium pay when he worked more than forty hours in a given workweek, which remains common in Plaintiff's line of work. Plaintiff and other similarly situated individuals typically work unpredictable shifts, often around the clock for two weeks up to two months at a time with no days off. As of about September 2020, Plaintiff has worked a steadier schedule of five consecutive days with shifts lasting up to twenty-four hours and two or three consecutive days off. For all of those hours of work, which typically averages 130 hours per week at minimum,

Plaintiff was at all times denied overtime pay. Plaintiff only receives the day rate for each day of work without consideration of whether his weekly hours of work exceeds forty hours.

41.     In addition to his day rate pay, Plaintiff receives additional remuneration in the form of a so-called "Supplemental Wage."  The "Supplemental Wage" pay fluctuates each pay period. Defendant has further failed to pay Plaintiff overtime compensation for his hours of work at one and one-half times his hourly rate of pay by failing to include all remuneration (*i.e.*, the "Supplemental Wage"), as required by the FLSA, in calculating Plaintiff's regular rate and overtime rate of pay. This has resulted in Plaintiff not being paid all overtime premium compensation owed by Defendant.

42.     During the time period relevant to Plaintiff's FLSA and NMMWA class/collective action claim, Plaintiff has worked with numerous other employees of Defendant who similarly routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration in the form of so-called "Supplemental Wage" pay in addition to their day rate pay, and did/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration required by the FLSA in their respective regular rates of pay.

## V.     FLSA CLAIMS FOR OVERTIME PAY

**A.     Claim for Relief – Violation of the FLSA: Failure to Pay Overtime Premium Compensation with Day Rate Pay.**

43.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44.     All conditions precedent to this suit, if any, have been fulfilled.

45.    At all relevant times, Defendant was/is an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

46.    At all times relevant to this lawsuit, Defendant has been and is (an) enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A), § 203(r).

47.    At all material times, Plaintiff was Defendant's employee pursuant to the FLSA. 29 U.S.C. § 203(e). Plaintiff was not exempt from overtime under the FLSA.

48.    Plaintiff was at times paid on a day rate basis and at times paid on an hourly rate basis by Defendant, but was never paid on a salary or fee basis as those terms are defined by the FLSA. *See Hewitt v. Helix Energy Sols. Grp., Inc.*, 956 F.3d 341, 342 (5th Cir. 2020) ("[. . .] [A]n employee who is paid a daily rate is not paid on a 'salary basis' under 29 C.F.R. § 541.602(a).")).

49.    At all times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek for Defendant. Defendant was required to pay Plaintiff time and one-half his respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

50.    Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

51.    Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

52.    Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not

paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

53.    Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

54.    Plaintiff seeks all damages available for Defendant Atlas' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

**B.    Claim for Relief – Violation of the FLSA: Failure to Include All Remuneration in the Regular Rate of Pay.**

55.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.  The foregoing conduct, as alleged, violated the FLSA.

56.    Plaintiff was an employee of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

57.    Defendant was required to include all remuneration in the regular rate of pay when calculating overtime premium pay. 29 U.S.C. § 207(e).

58.    Defendant paid a so-called "Supplemental Wage" pay to Plaintiff.  Defendant failed to include this bona fide wage in Plaintiff's regular rates of pay.

59.    Plaintiff seeks all damages to which he is entitled under the FLSA on the bases of Defendant's willful failure to include all remuneration in Plaintiff's respective regular rates of pay, including back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three year period preceding the filing of this lawsuit through its resolution.

## VI.    COLLECTIVE ACTION CLAIMS (FLSA)

60.    Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

61.    Defendant is the employer of the putative Collective Action Members.

62.    Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **all current or former employees who: (a) work/worked for Defendant in connection with their frac fueling services; (b) are/were issued IRS Tax Form W-2s; (c) are/were paid on an hourly and/or day rate basis; (d) had/have job duties/titles of a Frac Driver, Frac Tech, FAS Operator, and/or Single Operator; (e) work/worked more than 40 hours in any workweek; (f) are/were not paid time and one-half their regular rates of pay for all hours worked over 40 in each such seven-day workweek by Defendant; and (g) receive/received remuneration designated as a "Supplemental Wage" that Defendant failed to include in their respective regular rates of pay.**

63.    Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day rate and/or hourly rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

64.    Furthermore, Plaintiff has personal knowledge that other putative Class Action Members were paid pursuant to the same policy, namely, paid a "Supplemental Wage" that was not considered in their regular rates of pay to calculate overtime premium pay.

65.    The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

66.    The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages and include all

remunerations in the regular rate of pay results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

67.     Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for the putative Collective Action Members' FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

68.     The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

69.     Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

70.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

71.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.    NMMWA CLAIMS FOR OVERTIME PAY

72.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

73.     At all times relevant to this lawsuit, Defendant has been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

74.     At all times relevant to this lawsuit, Plaintiff was an employee of Defendant within the meaning of N.M. Stat. Ann. § 50-4-21(C).

75.     The NMMWA requires payment of at least the applicable minimum wage ($9.00 effective January 1, 2020 (*see* N.M. Stat. Ann. § 50-4-22(A)(2))) and payment of one and one-half times the employee's regular rate of pay for each hour worked over forty (40) hours per workweek (*see* N.M. Stat. Ann. § 50-4-22(D)).

76.     As the result of the foregoing conduct, as alleged, Defendant failed to pay all wages due under the NMMWA by failing to pay all due and owing overtime and/or minimum wages to Plaintiff. This conduct violated the NMMWA.

77.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer from a loss of income and other damages.

78.     Pursuant to N.M. Stat. Ann. § 50-4-32, Plaintiff is entitled to recover for all violations that occurred as part of Defendant's continued course of conduct regardless of the date on which they occurred.

79.     Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. Stat. Ann. § 50-4-26(C)-(E), which authorizes a private cause of action for Plaintiff and the Class Members. Under that statute, Plaintiff and the Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

## VIII.   CLASS ACTION ALLEGATIONS (NMMWA)

80.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

81.     Plaintiff brings his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

82.    Plaintiff proposes an initial definition of the New Mexico Class Members as:

**all current or former employees who: (a) work/worked for Defendant in connection with their frac fueling services in New Mexico; (b) are/were issued IRS Tax Form W-2s; (c) are/were paid on an hourly and/or day rate basis; (d) had/have job duties/titles of a Frac Driver, Frac Tech, FAS Operator, and/or Single Operator; (e) work/worked more than 40 hours in any workweek; (f) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such seven-day workweek by Defendant; and (g) receive/received remuneration designated as a "Supplemental Wage" that Defendant failed to include in their respective regular rates of pay.**

83.    Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

84.    <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – The New Mexico Class is so numerous that joinder is impracticable. On information and belief, the number of New Mexico Class Members exceeds fifty (50).

85.    <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New Mexico Class, including but not limited to, the following:

a.    Whether Defendant maintained a policy or practice of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a day rate irrespective of their hours of work;

b.    Whether Defendant maintained a policy or practice of failing to include all remunerations (i.e. "Supplemental Wage") in Plaintiff and the putative New Mexico Class Members' respective regular rates of pay; and

c.    The proper measure of damages sustained by the putative New Mexico Class.

86.    <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New Mexico Class. Plaintiff, like other New Mexico Class Members, was subject to Defendant's policies or practices of failing to pay all due and owing overtime wages by (1)

paying Plaintiff and the putative New Mexico Class Members a day rate without overtime premium pay irrespective of their hours of work; and (2) failing to include the "Supplemental Wage" pay in Plaintiff and the putative New Mexico Class Members' regular rates of pay. Plaintiff's job duties and claims are typical of those of the putative New Mexico Class.

87.    <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New Mexico Class.

88.    <u>Adequacy of Representation</u> (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New Mexico Class Members.

89.    <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the New Mexico State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New Mexico Class predominated over any questions affecting only individual members of the putative New Mexico Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully failed to compensate members of the putative New Mexico Class. The damages suffered by individual New Mexico Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policies or practices.

90. <u>Ascertainability</u> – The identity of the members of the New Mexico Class is readily ascertainable based on Defendant's records.

91. <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all New Mexico Class Members to the extent provided by Rule 23.

## IX.    JURY DEMAND

92. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## X.    DAMAGES AND PRAYER

93. Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendant Atlas for the following or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

c. All damages allowed by the FLSA and NMMWA, including back wages;

d. Liquidated damages in an amount equal to FLSA-mandated back wages and/or NMMWA-mandated back wages;

e. Legal fees, costs and expenses, as permitted under the FLSA and/or NMMWA;

f. Pre- and Post-judgment interest, as permitted under the FLSA and/or NMMWA;

g. All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

Dated: February 19, 2021

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By:     /s/ Ricardo J. Prieto
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
Texas Bar No. 24080773
marbuckle@eeoc.net
Taneska Jones
Texas Bar No. 24106151
tjones@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE & CLASS ACTION MEMBERS